UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.

MARILYN GONZALEZ,

                       Defendant.

_____

DECISION & ORDER

04-CR-6128L

## PRELIMINARY STATEMENT

By Order of Hon. David G. Larimer, United States District Judge, dated August 23, 2004, all pre-trial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 10).

Defendant Marilyn Gonzalez (hereinafter "Gonzalez") is charged in one count of a two-count indictment.  That count, Count One, charges that between 1999 and the filing of the indictment, Gonzalez conspired to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  The second count, in which she is not named, charges certain of her co-defendants with money laundering, in violation of 18 U.S.C. § 1956(h).  Both counts contain forfeiture allegations.  (Docket # 45).

Currently pending before this Court are Gonzalez's motions for a bill of particulars and the early disclosure of *Jencks* material.[1]  (Docket # 69).  The following constitutes the decision and order of this Court.

## I.  **Bill of Particulars**

The information known to this Court about the charge pending against Gonzalez is relatively scarce.  As previously stated, she is charged in a narcotics conspiracy spanning the period 1999 through 2004, the object of which was the distribution of  "at least" 150 kilograms of cocaine.  (Docket # 45).  No overt acts in furtherance of the conspiracy are alleged in the indictment, and none is required.  *See*, *e.g.*, *United States v. Shabani*, 513 U.S. 10 (1994) ("proof of an overt act is not required to establish a violation of 21 U.S.C. § 846").  In addition to Gonzalez, eleven individuals have been arrested and charged in the conspiracy count; other individuals have also been indicted on the conspiracy count, but have not yet been arrested, and the indictment remains sealed as to their identities.  (Docket # 97).

Certain facts were proffered by the government during Gonzalez's detention hearing that amplify, in some measure, Gonzalez's purported role in the charged conspiracy.  She is the ex-wife of Juan Castillo, one of the alleged leaders of the conspiracy, who was responsible for the delivery to and distribution in Rochester of kilogram quantities of cocaine.  According to Gonzalez, although she and Castillo divorced in 1995, they continued an amiable relationship for

---

[1]  Gonzalez's omnibus motion also sought, *inter alia*, discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, severance and the setting of an immediate trial date.  (Docket # 69).  Gonzalez's motion for discovery was decided in open court by the undersigned on March 22, 2005.  The motions for severance and the scheduling of a trial date are pending before the district court.  (Docket ## 78, 79).

years thereafter, during which time she resided in the United States, but not in Rochester.  The government proffered that Gonzalez's role in the conspiracy was to assist in the collection of narcotics proceeds by holding and transmitting such funds from Rochester to Castillo and other co-conspirators in other locations, including Santo Domingo, in the Dominican Republic, Gonzalez's country of citizenship; such transfers of funds were apparently made on various occasions through Western Union money orders.[2]  At the detention hearing, the government also proffered that in October of 2002, Gonzalez was with Castillo in Rochester, New York during a time when fifteen kilograms of cocaine were received and distributed by Castillo.  A hotel receipt evidently has been produced by the government to Gonzalez reflecting her stay in a Rochester hotel during the period October 23, 2002 to October 31, 2002.

On October 22, 2002, the day preceding the first night's hotel reservation, a telephone conversation was intercepted between Gonzalez and Castillo.  According to the government, the telephone call was a coded call pertaining to the preparation of a quantity of cocaine for distribution and was placed to Castillo by Gonzalez from a telephone number associated with a location used to ready the cocaine for distribution.  During the call, Gonzalez entreats Castillo to come to the location quickly because "the lady wants to leave," a coded reference to cocaine, the government submits.  At the detention hearing, the defendant challenged the government's interpretation, countering that the telephone call related to a religious blessing ceremony.

On this record, Gonzalez moves for a bill of particulars specifying:

---

[2]  As previously noted, Gonzalez is not charged in the money laundering count.

a.  [t]he time, date, and place of any conduct which the government claims was preformed by the defendant, Marilyn Gonzalez.

b.  [a] statement setting forth the conduct that is complained of.

(Docket # 69).  According to Gonzalez, such specification is necessary to apprise her of any acts or conduct undertaken by her in furtherance of the conspiracy.  The government opposes the motion, arguing instead that defendant's motion is designed for the improper purpose of obtaining "evidentiary detail" about the charges.  (Docket # 77).

The purpose of a bill of particulars is to enable the defendant "to identify with sufficient particularity the nature of the charge pending against [her], thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [s]he be prosecuted a second time for the same offense."  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987) (citations omitted) (per curiam).  A bill of particulars is not to be used as a discovery device to obtain "evidentiary detail" about the government's case.  *See, e.g., United States v. Torres*, 901 F.2d 205, 234 (2d Cir.) (citation omitted), *cert. denied*, 498 U.S. 906 (1990).  In other words, a bill of particulars should be granted where the information sought is "necessary" to prepare a defense and to avoid double jeopardy, not where it is merely "useful" to the defense in ascertaining the government's proof.  *See United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *see also United States v. Love*, 859 F. Supp. 725, 738 (S.D.N.Y.), *aff'd sub nom. United States v. Roberts*, 41 F.3d 1501 (2d Cir. 1994).  Where, as here, the charge against the defendant is broad in scope, a bill of particulars may be more appropriate than where the charged conduct is more narrow.  *See*, *e.g.*, *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) ("a bill of particulars or other adequate disclosure is

appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge"); *United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (district court abused discretion in denying a bill of particulars identifying victims in seven-year RICO conspiracy).

To warrant a bill of particulars, the indictment's charges against the defendant must be so general that they fail to advise her of the specific acts of which she is accused. *See United States v. Torres*, 901 F.2d at 234; *United States v. Henry*, 861 F. Supp. at 1197. In determining that question, the court may consider whether the information sought by the defendant has been made available in alternative forms, such as in discovery or prior court proceedings. *See United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984); *United States v. Kelly*, 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000); *United States v. Ahmad*, 992 F. Supp. 682, 684 (S.D.N.Y. 1998); *United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834 (1989). Here, in addition to the indictment, Gonzalez has available the voluntary discovery provided by the government, which includes a recording of the telephone call previously described, and the information proffered during the detention hearing.

Applying this law to the record before me, I find that a limited bills of particulars is warranted in this case. The only count in which Gonzalez is charged is a conspiracy count, which is itself expansive in scope. It names more than eleven conspirators (eleven have been arrested on the charges, and an unspecified number have been charged but not yet arrested), spans more than five years and involves a very substantial quantity of cocaine (at least 150 kilograms). Despite that breadth, the indictment contains no specificity concerning Gonzalez's

alleged role, and, as previously noted, alleges no overt acts.  The discovery and information

provided to Gonzalez does little to flesh out the bare bones of the single conspiracy charge

against Gonzalez.  Despite the government's production of approximately two thousand pages

and over five hundred taped telephone conversations, only one telephone conversation has been

identified in which Gonzalez allegedly participated, and only a handful of pages allegedly

mention Gonzalez (presumably, one such document is the hotel receipt).  In addition, the

government's discovery did not include, at least as of the date of oral argument, documentation

reflecting the Western Union money orders Gonzalez allegedly sent from Rochester, despite

reference to such orders during the detention hearing.

Mindful that bills of particulars are not routinely granted and that, once granted,

they serve to confine the government's proof at trial, *see United States v. GAF Corp.*, 928 F.2d

1253, 1258-62 (2d Cir. 1991), I nonetheless find that some limited further particularization is

justified here to enable Gonzalez to prepare adequately for trial and to avoid unfair surprise.  *See*,

*e.g.*, *United States v. Barnes*, 158 F.3d at 665 ("Since the indictment [charging a narcotics

conspiracy] provided not a shred of detail, the defendant was entitled to be otherwise apprised

[through a bill of particulars] of the conduct that he was alleged to have undertaken in

furtherance of this multi-faceted . . . conspiracy"); *United States v. Feola*, 651 F. Supp. at 1133

("Where a defendant is named in only one count and particular information as to him has not

been provided, his request for the time, location and persons present at the time of the alleged

transaction may be granted so that he may properly prepare his defense"); *United States v.

Ramirez*, 602 F. Supp. 783, 793-94 (S.D.N.Y. 1985) (granting bill of particulars where defendant

was charged as one of ten co-conspirators in a narcotics conspiracy, overt acts did not mention

the defendant and "the taped conversation alleged to have involved [the defendant] provided no illumination").  While I decline to grant a bill of particulars as broad in scope as defendant requests, I direct the government to provide Gonzalez with a bill of particulars stating, to the extent known by the government, (1) the names of all persons whom the government will claim at trial conspired with Gonzalez to violate the narcotics laws; (2) the approximate date when Gonzalez allegedly joined the conspiracy and, if applicable, the approximate date when she allegedly left the conspiracy; (3) the approximate dates that Gonzalez was allegedly present in Rochester to participate or assist in the narcotics conspiracy; and (4) for those time periods identified, the dates, time and locations of meetings between Gonzalez and other co-conspirators in furtherance of the conspiracy.  Such bill of particulars shall be provided within forty-five (45) days of the date of this Order.

## II.  **Motion For Disclosure of *Jencks* Material**

Gonzalez also moves for the early disclosure of *Jencks* materials.  (Docket # 69).  The government opposes Gonzalez's motion and represents that it will provide the materials "earlier than required by 18 U.S.C. § 3500 and enough in advance to avoid the necessity for adjournments during trial."  (Docket # 77 at 9).

8 U.S.C. § 3500, commonly known as the *Jencks* Act provides, in pertinent part:

(a)  In any criminal prosecution brought by the United States, no statement or report in the possession of the witness or prospective government witness (other that the defendant), shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b)  After a witness called by the United States has testified on
direct examination, the court shall, on motion of the defendant,
order the United States to produce any statement . . . of the witness
in possession of the United States which relates to the subject
matter as to which the witness has testified.

18 U.S.C. § 3500.  The Act is not intended as a mechanism for general discovery; rather,

"'[d]isclosures are required by the *Jencks* Act only for impeachment purposes.'"  *In re United*
*States*, 834 F.2d 283, 286 n.2 (2d Cir. 1987) (quoting *United States v. Polizzi*, 500 F.2d 856, 893
(9th Cir. 1974), *cert. denied*, 419 U.S. 1120 (1975)); *United States v. Exolon-Esk Co.*, 1995 WL
46719, *2 (W.D.N.Y. 1995).

As the Second Circuit has explained, the *Jencks* Act is a "unique but limited
discovery device [that] represents a legislative determination that access to a witness' statements
could be useful in impeaching a witness but [is] not intended to be utilized in preparation for
trial."  *United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (citing *Palermo v. United*
*States*, 360 U.S. 343, 349 (1959)).  For that reason, the government cannot be compelled to
disclose *Jencks* materials relating to a particular witness until that witness has testified on direct
examination.  *See*, *e.g.*, *In re United States,* 834 F.2d at 287 ("district court [has] no inherent
power to modify or amend the provisions of th[e] [*Jencks*] Act"); *United States v. Percevault*,
490 F.2d at 132 ("we hold that the government cannot be compelled to disclose statements of
prospective witnesses prior to the time prescribed by the *Jencks* Act"); *see also United States v.*
*Spagnuolo*, 515 F.2d 818, 821 (9th Cir. 1975) ("While we may encourage the government to
disclose *Jencks* Act statements prior to the time when it is statutorily required to do so, . . . we
cannot compel such a course"); *United States v. Feola*, 651 F. Supp. at 1139 ("[a]s much as this
Court would like to assist the defendants in the preparation of their defense and at the same time

avoid delays at trial, the Court cannot order the Government to produce these materials prior to

trial").  Constrained by the above-cited authority, this Court denies defendant's motion, but

encourages the government to provide the *Jencks* materials at such time as shall avoid any undue

delay of the trial.


## CONCLUSION

For the foregoing reasons, it is my decision and order that defendant's motion for

a bill of particulars **(Docket # 69)** is **GRANTED IN PART** and her motion for the early

disclosure of *Jencks* material **(Docket # 69)** is **DENIED**.

**IT IS SO ORDERED.**

　s/Marian W. Payson　　　　　　　　　　
MARIAN W. PAYSON
United States Magistrate Judge


Dated: Rochester, New York
　　　July　8　, 2005.